Judge Robertson,
delivered the opinion of the Court.
Bliss executed to Branhata twd notes for $500 each; and at the same time, Branhata delivered to Bliss a writing, stating that the notes might be discharged in Commonwealth’s paper, at a discount of $ 180 in paper for $>100 in specie. To a petition and sutamons brought by Branham, on both of these notes, Bliss plead the writing given to him, and a payment of the amount in Commonwealth’s paper, according to its tenor. Issue was joined on the payment, and there being no evidence except the notes and the writing plead by Bliss, the jury found a verdict for the full amount of the notes, in specie, and the court gave judgment accordingly.
Bliss moved the court, in the progress of the case, to instruct the jury that they could not find more than the amount of the notes, at the rate of exchange stipulated in the said writing; which was refused; and the principal question now is, was the instruction proper?
There is no doubt that Bliss had a right to discharge his notes by paying the amount agreed upon in the writing plead by him. But he did not pay that amount or any part of it, If that writing be a defeasance or a condition, by pleading it as such and proving a compliance with it, Bliss would have been entitled to & *201 ‘verdict. But on the issue and proof in the case, he could not be entitled to the benefit of the condition, unless the disclosure of its 'existence should have non-.suited the plaintiff. The plaintiff, if he recover at all, must do so according to the contract sited on. And Bliss could avail himself of his writing in only one of two ways. First, by a payment according to that writing. Or, second, by relying on it as evidence, that the contract sued on waá not the actual one between the parties. The issue being that of payment, when there was no proof of payment, the plaintiff’ had a right to recover, and if so, coiild recover legally, and according to the contract sued on, nothing more nor less than the amount of the notes due on their face. The instruction, therefore, was correct; unless the exhibition and admission by the replication, of the writing plead, entitled the defendant to a non-suit. -This is the only point, on which we have had any difficulty. The contract was certainly one; virtually, for paper; and as much so as if the condition or defeasance had been incorporated in the notes. But dught the plaintiff’ to have decláred on it a’s such? We think not. He had a right to declare on the notes according to their legal effect, without the other writing; A plaintiff is not bound to aver or notice in his declaration, a condition to a penal bond. This is mattér of defence for the defendant, and if the condition has not been pe'rfohtiédj equity may relieve the defendant from the penalty.
Whether the same relief could be given in chancery, to Bliss, in this case, it is not necessary or proper that we should decide.’ The solution of this question, however, will depend on another, and that is; Whether the writing plead, shall be construed as a condition, to the benefit of which Bliss was to be entitled, only in the event of punctual performance of it; or whether that writing and the notes should be considered as an eniierty, as much as if they had been included in the same writing; and in that event, whether the legal effect would be that Bliss was in no event, and at no time, to be bound for the whole amount of the notes in specie.
All we can decide now, is, that on the issue and the proof, the instructions, verdict and judgment were Correct.
Crittenden, for appellants; Richardson and Depew for appellee.
We know no reason why a petition and summons may not be brought on two or more notes for money, as well as an action of debt, it would, indeed, be well if the practice could become more general. It would save much in fees, &c.
There is, therefore, no etror in the record, and consequently the judgment of the circuit courtis affirmed.